1  John P. Kristensen (SBN 224132)
2  David L. Weisberg (SBN 211675)
   **KRISTENSEN WEISBERG, LLP**
3  12304 Santa Monica Boulevard, Suite 100
   Los Angeles, California 90025
4  Telephone: 310-507-7924
5  Fax: 310-507-7906
   *john@kristensenlaw.com*
6  *david@kristensenlaw.com*
7
8  Jarrett L. Ellzey (*Pro Hac Vice* pending*)*
   **HUGHES ELLZEY, LLP**
9  2700 Post Oak Boulevard, Suite 1120
   Houston, Texas 77056
10 Telephone: (713) 554-2377
11 Fax: (888) 995-3335
   *jarrett@hughesellzey.com*
12
13 *Attorneys for Plaintiff and all others*
   *similarly situated*
14
           THE UNITED STATES DISTRICT COURT
15
           EASTERN DISTRICT OF CALIFORNIA
16
           ROBERT T. MATSUI FEDERAL COURTHOUSE
17

| | |
|---|---|
| 18 PAUL LEE, an individual, on behalf of himself and all others similarly 19 situated | Case No.: |
| 20 Plaintiff, | **CLASS ACTION** |
| 21 vs. | **PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| 22 | |
| 23 CALIFORNIA SERVICE BUREAU, INC., a California 24 corporation; and DOE INDIVIDUALS, inclusive, and each 25 of them, | (1) Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; and |
| 26 | (2) Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* |
| 27 Defendants. | |
| 28 | **DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**-1-**

1    Plaintiff Paul Lee ("Plaintiff" or "Lee"), on behalf of himself and all others

2    similar situated, alleges the follow upon information and belief based upon

3    personal knowledge:

### NATURE OF THE CASE

5        1.    Plaintiff, on behalf of himself and others similarly situated, seeking

6    damages and any other available legal or equitable remedies resulting from the

7    illegal actions of defendant CALIFORNIA SERVICE BUREAU, INC. and

8    INDIVIDUAL DOES (collectively "Defendants") in contacting Plaintiff, as well

9    as knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular

10   telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §

11   227, *set* seq. ("TCPA").

12       2.    Defendant is a company that regularly engages in aggressive and

13   reckless debt collection practices which outright ignore controlling federal law,

14   and the rights of the called party.

15       3.    Defendant repeatedly made unsolicited calls to Plaintiff's cellular

16   telephone in violation of the TCPA. Defendant made the calls using an

17   automated telephone dialing system ("ATDS") or pre-recorded voice for the

18   purpose of bullying Plaintiff into paying an allegedly deficient balance.

19       4.    Defendant called Plaintiff, requesting the name of another

20   individual. Even after Plaintiff told Defendant (1) it had the wrong number and

21   (2) to stop calling his cell phone, Defendant continued calling his cellular phone.

22       5.    By making the telephone calls at issue in this Complaint, Defendant

23   caused Plaintiff actual harm, including the aggravation, nuisance, and invasion of

24   privacy that necessarily accompanies the receipt of unsolicited and harassing

25   telephone calls, as well as the monies paid to his carrier(s) for the receipt of such

26   telephone calls.

27       6.    Congress enacted the TCPA to protect consumers from unsolicited

28   telephone calls exactly like those alleged in this case. In response to Defendant's

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

-2-

1  unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction

2  requiring Defendant to cease all illegal telephone calling activities to his cellular

3  telephone, and other individuals cellular phones and an award of statutory

4  damages under the TCPA equal to $500.00 per violation, together with court

5  costs, reasonable attorneys' fees (including under Cal. *Code Civ. Proc.* §

6  1021.5), and treble damages (for knowing and/or willful violations). Plaintiff

7  also seeks an award of court costs and reasonable attorney's fees.

## JURISDICTION & VENUE

9      7.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because the

10  Plaintiff, a resident of California, seeks relief on behalf of a Class, which will

11  result in at least one class member belonging to a different state than that of the

12  Defendant, which is based in California.

13      8.      Plaintiff also seeks up to $1,500.00 in damages for each call in

14  violation of the TCPA, which, when aggregated among a proposed class in the

15  thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.

16  Therefore, both diversity jurisdiction and the damages threshold under the Class

17  Action Fairness Act of 2005 ("CAFA") are present, and this Court has

18  jurisdiction.

19      9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331,

20  as this action arises under the TCPA, which is a federal statute.

21      10.     The Court has personal jurisdiction over Defendant because it

22  conduct significant business in this District, and the unlawful conduct alleged in

23  this Complaint occurred in, was directed to, and/or emanated from this District.

24      11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)

25  because the wrongful conduct giving rise to this case occurred in, was directed

26  to, and/or emanated from this District.

27      12.     Defendant is subject to specific personal jurisdiction in this District

28  because it has continuous and systematic contacts with this District through their

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

KRISTENSEN WEISBERG LLP
Attorneys for Plaintiffs
KW

1  marketing efforts and services that target this District, and the exercise of

2  personal jurisdiction over Defendant in this District does not offend traditional

3  notions of fair play or substantial justice.

4                                    **PARTIES**

5        13.    Plaintiff PAUL LEE ("Plaintiff") is a citizen of the State of

6  California who resides in Auburn, Placer County, California.

7        14.    Defendant CALIFORNIA SERVICE BUREAU, INC.

8  ("Defendant" or "California Service Bureau") is a California corporation

9  organized under the laws of the State of California. Defendant maintains its

10  principle place of business at 100 Wood Hollow Drive, Suite 200, Novato,

11  California 94945, but regularly conducts business in this District. Defendant can

12  be served with process by serving its registered agent, Brandon Amyot at100

13  Wood Hollow Drive, Suite 200, Novato, California 94945.

14        15.    The true names and capacities of the Defendants sued herein as

15  DOE INDIVIDUALS, inclusive, are currently unknown to Plaintiff, who

16  therefore sues such Defendants by fictitious names.  Each of the Defendants

17  designated herein as a DOE is legally responsible for the unlawful acts alleged

18  herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the

19  true names and capacities of the DOE Defendants when such identities become

20  known.

21        16.    Plaintiff does not yet know the identity of Defendants'

22  employees/agents, identified as DOE INDIVIDUALS that had direct, personal

23  participation in or personally authorized the conduct found to have violated the

24  statute, and were not merely tangentially involved. They are named tentatively as

25  numerous District Courts have found that individual officers/principals of

26  corporate entities may be personally liable (jointly and severally) under the

27  TCPA if they had direct, personal participation in or personally authorized the

28  conduct found to have violated the statute, and were not merely tangentially

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
-4-

KRISTENSEN WEISBERG LLP
Attorneys for Plaintiffs

1   involved. *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 899 (W.D. Tex.

2   2001) ("*American Blastfax*"); *Sandusky Wellness Center, LLC v. Wagner*

3   *Wellness, Inc.*, 2014 WL 1333472, at * 3 (N.D. Ohio March 28, 2014); *Maryland*

4   *v. Universal Elections*, 787 F.Supp.2d 408, 415-16 (D.Md. 2011) ("*Universal*

5   *Elections*"); *Baltimore-Washington Tel Co. v. Hot Leads Co.*, 584 F.Supp.2d

6   736, 745 (D.Md. 2008); *Covington & Burling v. Int'l Mktg. & Research, Inc.*,

7   2003 WL 21384825, at *6 (D.C.Super Apr. 17, 2003); *Chapman v. Wagener*

8   *Equities, Inc.* 2014 WL 540250, at *16-17 (N.D.Ill. Feb. 11, 2014); *Versteeg v.*

9   *Bennett, Deloney & Noyes, P.C.*, 775 F.Supp.2d 1316, 1321 (D.Wy.2011)

10  ("*Versteeg*"). Upon learning of the identities of said individuals, Plaintiff will

11  move to amend to name the individuals as defendants.

12      17.    Plaintiff is informed and believes and thereon alleges that at all

13  relevant times, each and every Defendant was acting as an agent and/or

14  employee of each of the other Defendants and was the owner, agent, servant,

15  joint venturer and employee, each of the other and each was acting within the

16  course and scope of its ownership, agency, service, joint venture and

17  employment with the full knowledge and consent of each of the other

18  Defendants.  Plaintiff is informed and believes and thereon alleges that each of

19  the acts and/or omissions complained of herein was made known to, and ratified

20  by, each of the other Defendants.

21      18.    At all times mentioned herein, each and every Defendant was the

22  successor of the other and each assumes the responsibility for each other's acts

23  and omissions.

24              **TELEPHONE CONSUMER PROTECTION ACT**

25      19.    Congress enacted the TCPA in 1991 to address certain practices

26  thought to be an invasion of consumer privacy and a risk to public safety. The

27  TCPA and the Federal Communications Commission's (hereinafter "FCC")

28  implemented rules prohibit: (1) making telemarketing calls using an artificial or

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**-5-**

1   prerecorded voice to residential telephones without prior express consent; and (2)

2   making any non-emergency call using an automatic telephone dialing system

3   (hereinafter "ATDS") or an artificial or prerecorded voice to a wireless telephone

4   number without prior express consent. If the call includes or introduces an

5   advertisement, or constitutes telemarketing, consent must be in writing.[1] The

6   TCPA grants consumers a private right of action, with a provision for $500 or the

7   actual monetary loss in damages for each violation, whichever is greater, and

8   treble damages for each willful or knowing violation, as well as injunctive relief.

9        20.    Since the TCPA's passage in 1991, the FCC has taken multiple

10   actions implementing and interpreting the TCPA, and has issued numerous

11   Declaratory Rulings clarifying specific aspects of the TCPA.  The most recent,

12   FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection

13   to consumers by, among other things, clarifying that ATDS is broadly defined,

14   confirming liability attaches to calls made to the wrong number or reassigned

15   number, and clarifying consumers may revoke consent through reasonable

16   methods. *In the Matter of Rules and Regulations Implementing the Tel.*

17   *Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015),

18   available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-

19   order. The Order defines an "autodialer" as equipment/software that has the

20   future capacity to dial randomly or sequentially.  "In other words, the capacity of

21   an autodialer is not limited to its current configuration but also includes its

22   potential functionalities."  The Order clarifies the meaning of "capacity" and that

23

---

24   [1]  Prior express written consent means "an agreement, in writing, bearing the
25       signature of the person called that clearly authorizes the seller to deliver or
         cause to be delivered to the person called advertisements or telemarketing
26       messages using an automatic telephone dialing system or an artificial or
         prerecorded voice, and the telephone number to which the signatory
27       authorizes such advertisements or telemarketing messages to be delivered.
28       47 C.F.R. § 64.1200(f)(8).

1   "any call" made using a device with the capacity to serve as an ATDS requires

2   consent under the TCPA, even if the caller is not "actually…using those

3   functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-

4   00452-RMW, 2015 WL 5316403, at \*3 (N.D. Cal. Sept. 11, 2015).

5           21.    The Order also states that calls placed to the wrong number or a

6   reassigned number are made with knowledge of the error after the first call; and

7   consumers may revoke consent through any reasonable method, including orally:

8   "[w]e clarify, however, that callers who make calls without knowledge of

9   reassignment and with a reasonable basis to believe that they have valid consent

10  to make the call should be able to initiate one call after reassignment as an

11  additional opportunity to gain actual or constructive knowledge of the

12  reassignment and cease future calls to the new subscriber. If this one additional

13  call does not yield actual knowledge of reassignment, we deem the caller to have

14  constructive knowledge of such;" "[c]onsumers generally may revoke, for

15  example, by way of a consumer-initiated call, directly in response to a call

16  initiated or made by a caller, or at an in-store bill payment location, among other

17  possibilities."

18          22.    Finally, in 2008, the FCC held that "a creditor on whose behalf an

19  autodialed or prerecorded message call is made to a wireless number bears the

20  responsibility for any violation of the Commission's rules."  In re Rules and

21  Regulations Implementing the Telephone Consumer Protection Act, Declaratory

22  Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559,

23  565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL

24  7062748 (Dec. 31, 2012).

25          23.    Accordingly, the entity can be liable under the TCPA for a call

26  made on its behalf, even if the entity did not directly place the call.  Under those

27  circumstances, the entity is deemed to have initiated the call through the person

28  or entity.

# FACTUAL ALLEGATIONS

24.     Beginning in or around March 3, Defendant contacted Plaintiff on his cellular telephone number ending in 3156 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), at least eighteen time over a four-month period without first obtaining Plaintiff's consent.

25.     Plaintiff's caller ID read "888-224-5557" as the calls were incoming. These numbers are assigned to the Defendants and their agents.

26.     Plaintiff would answer some of the calls even though she had memorized the numbers assigned to Defendants as a result of the constant abusive calling techniques employed by Defendants. When Plaintiff answered the phone, he experienced dead air before he could hear the call being routed a live representative.

27.     To the extent Plaintiff ever consented to the calls, she revoked such consent but the calls continued.

28.     Despite Plaintiff's reasonable requests, Defendant called him at least eighteen (18) times.

29.     Plaintiff was extremely frustrated by the calls and wanted Defendants to stop calling. The calls invaded his privacy and used up capacity on his cellular plan.

30.     On information and belief, Defendants' automated system had called Plaintiff on every occasion.

31.     Based on the circumstances of the calls – including but not limited to the multiple calls, Defendants called despite Plaintiff's requests to Defendants to stop calling (indicating a computer automatically dialed the number again) – Plaintiff believes Defendants called her cellular telephone using an ATDS that automatically selected his number from a computer database.

32.     On information and belief, Defendants' ATDS called Plaintiff on every occasion.

1    33.    On information and belief, and based on the circumstances of the all

2    the calls, Defendants called Plaintiff using an ATDS.

3    34.    Plaintiff understood the purpose of Defendants' calls was to collect

4    a debt from Plaintiff.

5    35.    The telephone number Defendants called was assigned to a cellular

6    telephone.

7    36.    Plaintiff is the regular carrier and exclusive user of the cellular

8    telephone assigned the number ending in 3156.

9    37.    Defendant's calls constituted calls that were not for emergency

10   purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

11   38.    Plaintiff did not provide Defendants with prior express written

12   consent to receive calls to her cellular telephone utilizing an ATDS or artificial

13   or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. §

14   64.1200(a)(3).

15   39.    All calls Defendants made to Plaintiff violate 47 U.S.C. § 227, and

16   15 U.S.C. § 1692.

17   40.    Plaintiff seeks an injunction requiring Defendants to cease all

18   illegal, abusive, and harassing telephone calls using an ATDS and an award of

19   statutory damages, together with costs and reasonable attorneys' fees. Plaintiffs,

20   once they learn the identity of DOE INDIVIDUALS will seek an appropriate

21   injunction that will at a minimum require DOE INDIVIDUALS to cease all

22   illegal, abusive, and harassing telephone calls using an ATDS and confirm with

23   this Court they are doing so with any future employer or entity with whom they

24   are engaged

### CLASS ALLEGATIONS

26   41.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules

27   of Civil Procedure and/or other applicable law, on behalf of himself and all

28   others similarly situated, as a member of the proposed class (hereafter "the

1  Class") defined as follows:

2      All persons within the United States who received any telephone calls

3      from Defendant(s) to said person's cellular telephone made through the

4      use of any automatic telephone dialing system or an artificial or

5      prerecorded voice and such person had not previously provided express

6      consent to receiving such calls within the four years prior to the filing of

7      this Complaint.

8      42.    Plaintiff represents, and is a member of the Class, consisting of all

9  persons within the United States who received any telephone call from

10  Defendant(s) to said person's cellular telephone made through the use of any

11  automatic telephone dialing system or an artificial or prerecorded voice and such

12  person had not previously not provided their cellular telephone number to

13  Defendant within the four years prior to the filing of this Complaint.

14      43.    Excluded from the Class are governmental entities, Defendants, any

15  entity in which Defendants have a controlling interest, and Defendants' officers,

16  directors, affiliates, legal representatives, employees, co-conspirators, successors,

17  subsidiaries, and assigns. Also excluded from the Class are any judges, justices

18  or judicial officers presiding over this matter and the members of their immediate

19  families and judicial staff.

20      44.    This action is properly maintainable as a class action. This action

21  satisfies the numerosity, typicality, adequacy, predominance and superiority for a

22  class action.

23      45.    **Numerosity**: The proposed Class is so numerous that individual

24  joinder of all members is impracticable. Due to the nature of the trade and

25  commerce involved, Plaintiff does not know the number of members in the

26  Class, but believes the Class members number in the thousands, if not more.

27  Plaintiff alleges that the Class may be ascertained by the records maintained by

28  Defendants.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
-10-

46.     Plaintiff and members of the Class were harmed by the acts of Defendant(s) in at least the following ways: Defendant(s) illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their "prior express consent," to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

47.     **Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims herein can be established with common proof. Common questions of fact and law include, but are not limited to, the following:

(a)     Whether, within the four years prior to the filing of this Complaint, Defendant(s) made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

(b)     Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

(c)     Whether the Defendant(s) should be enjoined from engaging in such conduct in the future.

///

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**-11-**

48.   **Typicality**: Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members. The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

49.   **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

50.   **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

51.   Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  protect their interests.

2       52.    Plaintiff and the members of the Class have suffered and will

3  continue to suffer harm as a result of Defendant(s)' unlawful and wrongful

4  conduct. Defendant(s) have acted, or refused to act, in respects generally

5  applicable to the Class, thereby making appropriate final and injunctive relief

6  with regard to the members of the Class as a whole.

7  ## FIRST CAUSE OF ACTION

8  ### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

9  ### 47 U.S.C. § 227, *ET SEQ.*

10  ### (By Plaintiff Against All Defendants)

11       53.    Plaintiff hereby incorporates by reference and re-alleges each and

12  every allegation set forth in each and every preceding paragraph of this

13  Complaint, as though fully set forth herein.

14       54.    The foregoing acts and omissions of Defendants constitute

15  numerous and multiple violations of the TCPA, including but not limited to each

16  and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*. and 47

17  C.F.R. §64.1200, *et seq.*

18       55.    As a result of Defendants' violations of 47 U.S.C. § 227, *et seq*., and

19  47 C.F.R. §64.1200, *et seq.,* Plaintiff is entitled to an award of $500.00 in

20  statutory damages, for each and every violation, pursuant to 47 U.S.C. §

21  227(b)(3)(B).

22       56.    Plaintiff is also entitled to and seeks injunctive relief prohibiting

23  such conduct in the future.

24  ///

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATION OF

### THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

### (By Plaintiff Against All Defendants)

57.     Plaintiff hereby incorporates by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

58.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*. and 47 C.F.R. §64.1200, *et seq.*

59.     As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.* Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

60.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.     An order certifying this action as a class action and appointing Plaintiff and his counsel to represent the Class;

2.     For the first cause of action:

- Plaintiff and Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all

KRISTENSEN
WEISBERG LLP
Attorneys for Plaintiffs

1         persons acting in concert with them, from engaging in, and

2         continuing to engage in, the unlawful calls made with automated

3         dialing systems to cellular phones without prior express consent;

4        • Attorneys' fees, costs and any and all other relief that the Court

5         deems just and proper.

6    3.    For the second cause of action:

7        • Plaintiff and Class members are entitled to and request $1,500.00

8         in statutory damages, for each and every violation , pursuant to

9         47 U.S.C. § 227, *et seq.*;

10       • Preliminary and permanent injunctive relief enjoining

11        Defendant(s), their agents, servants and employees, and all

12        persons acting in concert with them, from engaging in, and

13        continuing to engage in, the unlawful calls made with automated

14        dialing systems to cellular phones without prior express consent;

15       • Attorneys' fees, costs and any and all other relief that the Court

16        deems just and proper.

17

18    Dated:  December 19, 2016      Respectfully submitted,

19              By:  */s/ David L. Weisberg*

20              John P. Kristensen (SBN 224132)

21              *john@kristensenlaw.com*
                David L. Weisberg (SBN 211675)

22              *david@kristensenlaw.com*

23              **KRISTENSEN WEISBERG, LLP**
                12304 Santa Monica Blvd., Suite 100

24              Los Angeles, California 90025

25              Telephone:  (310) 507-7924
                Fax:  (310) 507-7906

26

27

28

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**-15-**

1

## DEMAND FOR JURY TRIAL

2         Plaintiff hereby demands a trial by jury for all issues that may be decided

3   by jury.

4

5    Dated:  December 19, 2016          Respectfully submitted,

6                                    By:   */s/ David L. Weisberg*

7                                          _____

                                          John P. Kristensen (SBN 224132)
8                                          *john@kristensenlaw.com*
                                          David L. Weisberg (SBN 211675)
9                                          *david@kristensenlaw.com*
                                          **KRISTENSEN WEISBERG, LLP**
10                                         12304 Santa Monica Blvd., Suite 100
                                          Los Angeles, California 90025
11                                         Telephone:  (310) 507-7924
                                          Fax:  (310) 507-7906
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**-16-**